**PAN–AMERICAN LIFE INSURANCE COMPANY, a Louisiana Corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 67–856.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Feb. 20, 1970.

Ted Tumminello, New Orleans, La., for plaintiff.

Joan Elaine Chauvin, Asst. U. S. Atty., New Orleans, La., for defendant.

CASSIBRY, District Judge.

Pan-American Life Insurance Company sues the United States for the recovery of $31,792.87 paid by plaintiff as interest equalization tax assessed and collected for the quarter ending September 30, 1964. Having considered the evidence and arguments of counsel as set forth in their briefs, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

### 1.

On May 26, 1964, the plaintiff, Pan-American Life Insurance Company, ordered from the brokerage firm of Bell, Gouinlock & Company Limited, of Toronto, Canada, $300,000 par value of Province of Prince Edward Island $4,000,000 Canadian, 5½ percent sinking fund debentures.

### 2.

The bonds began accruing interest June 1, 1964, and matured June 1, 1984. The plaintiff requested a settlement date of July 15, 1964, meaning that the transaction would be consummated by payment and delivery on that date. Accordingly, interest on the bonds was allocated to the brokerage firm until that date.

**3.**

On July 2, 1964 Pan-American notified Bell, Gouinlock & Company that they would not be able to take down the bonds as planned on July 15, 1964, due to tight finances, and requested a re-scheduling of the settlement date to the middle of September, 1964.

**4.**

By letter dated July 6, 1964 Bell, Gouinlock & Company confirmed that the sale would be re-scheduled with interest calculated for delivery on September 15, 1964, the new settlement date. The new contract dated July 6, 1964, sets forth the following: the order date, May 26, 1964; the settlement date, September 15, 1964; the value of the bonds was stated to be $294,750; and interest was accrued from June 1 to September 15, 1964 (106 days) in the amount of $4,791.-78, bringing the total purchase price of the bonds to $299,541.78.

**5.**

On September 15, 1964, 106 days after interest began to accrue, plaintiff settled with Bell, Gouinlock & Company, and acquired possession of the bonds.

**6.**

Plaintiff filed its interest equalization quarterly tax return for the period ended September 30, 1964, with the District Director and paid an interest equalization tax of $33,466.18 on December 11, 1964.

**7.**

Pan American filed a timely claim for refund of the tax.

**8.**

The District Director of Internal Revenue disallowed the claim for refund.

CONCLUSIONS OF LAW

**1.**

This Court has jurisdiction of the subject matter and the parties.

**2.**

The bonds in question are subject to the interest equalization tax imposed by Section 4911 of the Internal Revenue Code of 1954, since they were bonds acquired by a United States person and issued by a foreign obligor.

**3.**

Under Section 4912 of the Internal Revenue Code of 1954, Pan-American acquired ownership of the bonds by purchase on the actual settlement date, September 15, 1964, when the consideration was paid and the bonds delivered to the plaintiff.

**4.**

Section 4917(c) (2) of the Internal Revenue Code of 1954 provides that a new or original issue is excluded from the interest equalization tax if it is acquired within 90 days after interest begins to accrue thereon. The bonds in question were acquired on September 15, 1964, and, therefore, the bonds did not qualify for the exemption.

**5.**

The interest equalization tax imposed on Pan-American was correct and proper, and judgment should be entered for the defendant.